IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY
CASE NO.: 0:20-cv-60970-RS

IN RE THE COMPLAINT OF:
LOHENGRIN, LTD., as owner of the 2006
*M/Y* Lohengrin, a 2006, 161-foot aluminum
trideck motoryacht from Trinity Yachts,
IMO Number 8735998, for Exoneration from or
Limitation of Liability
_____/

**RESPONDENT, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA AS SUBROGEE OF (A/S/O) TIN MAN'S PRIDE, LLC, ANSWER AND AFFIRMATIVE DEFENSES AND CLAIM TO PETITIONER'S VERIFIED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

COMES NOW, Respondent/Claimant, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA AS SUBROGEE OF (A/S/O) TIN MAN'S PRIDE, LLC ("TRAVELERS"), a foreign corporation, files this its Answer, Affirmative Defenses, and Claim in response to Petitioner's LOHENGRIN, LTD., as owner of the 2006 *M/Y* Lohengrin, a 2006, 161-foot aluminum trideck motoryacht from Trinity Yachts, IMO Number 8735998, *Verified Complaint for Exoneration From or Limitation of Liability*, and states as follows:

1. Admitted that this action was brought pursuant to this Court's admiralty jurisdiction. Denied that Petitioner is entitled to exoneration or limitation of liability.

2. Admitted.

3. Admitted only that Petitioner is the owner of the yacht *M/Y* Lohengrin, IMO Number 8735998, and that it is currently located in Ft. Lauderdale, Florida. Any and all other allegations not specifically admitted are denied.

1

4. Admitted only that on November 16, 2019, the *M/Y* Lohengrin was docked at Universal Marine Center, that it caught fire and subsequently caused damages to the *M/Y* Tin Man's Pride. Any and all other allegations not specifically admitted are denied.

5. Admitted only that venue in this District Court is proper under Rule F(9) of the Supplemental Admiralty and Maritime Claim Rules. Denied that Petitioner is entitled to exoneration or limitation of liability. Respondent/Claimant is without sufficient knowledge or information in which to respond to the remaining allegations of paragraph 5, and thus, they are denied.

6. Admitted only that Petitioner is owner of the yacht *M/Y* Lohengrin, IMO Number 8735998. Any and all other allegations not specifically admitted are denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Admitted only that Respondent/Claimant has made/brought a claim against Petitioner. Respondent/Claimant is without sufficient knowledge or information in which to respond to the remaining allegations of paragraph 11, and thus, they are denied.

12. Denied. Respondent/Claimant reserves its right to contest the value of the *M/Y* Lohengrin.

13. Denied.

14. Admitted.

15. Admitted only that Petitioner is owner of the yacht *M/Y* Lohengrin, IMO Number 8735998. Any and all other allegations not specifically admitted are denied.

16. Denied as phrased.

Any and all allegations contained in the Complaint, including the WHEREFORE clause, that are not specifically admitted herein are hereby denied.

WHEREFORE, Respondent/Claimant, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA AS SUBROGEE OF (A/S/O) TIN MAN'S PRIDE, LLC, requests that Petitioner's, LOHENGRIN, LTD., as owner of the 2006 *M/Y* Lohengrin, a 2006, 161-foot aluminum trideck motoryacht from Trinity Yachts, IMO Number 8735998, *Verified Complaint for Exoneration From or Limitation of Liability*, be dismissed and that Respondent/Claimant recover its costs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The incident occurring on or about November 16, 2019, as described in the Complaint was proximately caused, in whole or in part, or was contributed to, in whole or in part, by the negligence, fault and/or want of care of Petitioner, LOHENGRIN, LTD., and/or its agents, managers, officers, directors, servants, crew and/or employees. Accordingly, the Limitation of Liability Act does not apply to this case.

### SECOND AFFIRMATIVE DEFENSE

The incident occurring on or about November 16, 2019, as described in the Complaint was caused by the unseaworthiness of the *M/Y* Lohengrin, a 2006, 161-foot aluminum trideck motoryacht from Trinity Yachts, IMO Number 8735998. Accordingly, the Limitation of Liability Act does not apply to this case.

### THIRD AFFIRMATIVE DEFENSE

At all material times, the unseaworthiness of the *M/Y* Lohengrin, a 2006, 161-foot aluminum trideck motoryacht from Trinity Yachts, IMO Number 8735998, and/or the negligence, fault and/or want of care of the Petitioner, LOHENGRIN, LTD., and/or its agents, managers, officers, directors, servants, crew and/or employees and/or were within Petitioner's privity and/or knowledge. Accordingly, the Limitation of Liability Act does not apply to this case.

### FOURTH AFFIRMATIVE DEFENSE

The incident occurring on or about November 16, 2019, as described in the Complaint causing Respondent's/Claimant's damages was not the result of any negligence or fault of Respondent/Claimant or of those for whom they were responsible.

### FIFTH AFFIRMATIVE DEFENSE

The limitation fund is inadequate. Pursuant to Supplemental Rule F (1), Petitioner failed to satisfy the limitation fund by depositing the appropriate security for the value of the *M/Y* Lohengrin, a 2006, 161-foot aluminum trideck motoryacht from Trinity Yachts, IMO Number 8735998.

### SIXTH AFFIRMATIVE DEFENSE

Pursuant to Supplemental Rule F (7), the limitation fund is inadequate and must be increased.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent that this Honorable Court determines that the Limitation of Liability Act applies to this case, the limitation fund should include any and all proceeds from any judgment, award or settlement which may be received by Petitioner from any third party

in recompense of any losses or damages sustained herein to the property or interests of Petitioner as a result of the fault or alleged fault of said party.

## EIGHTH AFFIRMATIVE DEFENSE

Respondent/Claimant reserves the right to contest the appraisal value of the *M/Y Lohengrin*, a 2006, 161-foot aluminum trideck motoryacht from Trinity Yachts, IMO Number 8735998, including, but not limited to, the value of its appurtenances, engines, apparel, pending freight, and any additional vessels in the flotilla, and the adequacy of the security thereof.

## NINTH AFFIRMATIVE DEFENSE

Pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, and all state law remedies, Respondent/Claimant, in filing this Answer and Claim, reserves all rights to pursue any and all available claims in the forum of its choosing, including state court, for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court, and to have such claims and related damages tried to a jury. The filing of this Answer and Claim in no way constitutes a waiver of these rights and defenses, and Respondent/Claimant does not, through this filing, agree to join all issues in this proceeding.

## TENTH AFFIRMATIVE DEFENSE

Pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, and all state law remedies, Respondent/Claimant, in filing this Answer and Claim, reserve the right to move for bifurcation of this action so as to enable Respondent/Claimant to select a court and/or forum of its choosing for all fact issues other than the issues related to Petitioner's claim to limit liability.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Limitation of Liability Act does not apply to this case, because, at all relevant times, the *M/Y* Lohengrin, IMO Number 8735998, was operated in a willful, wanton and reckless manner, or alternatively, the condition and actions resulting in Respondent's/Claimant's damages took place with the privity and knowledge of Petitioner.

**TWELFTH AFFIRMATIVE DEFENSE**

Respondent/Claimant reserves the right to seek amendment of additional affirmative defenses that may become known during the course of this action.

**AND NOW,** specifically reserving all defenses asserted herein, Respondent/Claimant, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA AS SUBROGEE OF (A/S/O) TIN MAN'S PRIDE, LLC, files its Claim in the *Verified Complaint for Exoneration From or Limitation of Liability*, and states that:

**CLAIM OF TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA AS SUBROGEE OF (A/S/O) TIN MAN'S PRIDE, LLC**

**A.   Nature of the Claim**

1. Respondent/Claimant, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA AS SUBROGEE OF (A/S/O) TIN MAN'S PRIDE, LLC ("TRAVELERS"), re-asserts each and every defense and objection set forth above as if stated verbatim herein.

2. This is a claim for negligence and vicarious liability under the General Maritime Law of the United States and the laws of the State of Florida.

**B.   Facts Specific to the Claim**

3. At all times material, LOHENGRIN, LTD., is a foreign corporation organized and existing under the laws of the Republic of the Marshall Islands.

4. At all times material, LOHENGRIN, LTD., owned, operated, maintained and/or controlled the *M/Y* Lohengrin, a 2006, 161-foot aluminum trideck motoryacht from Trinity Yachts, IMO Number 8735998 ("*M/Y* Lohengrin"), and/or the crews, persons and/or entities working aboard the *M/Y* Lohengrin were agents, servants and/or employees of LOHENGRIN, LTD., and subject to its control so that LOHENGRIN, LTD., is vicariously liable for their acts or omissions.

5. At all times material, the *M/Y* Lohengrin was on navigable waters of the United States.

6. At all times material, the *M/Y* Lohengrin was a vessel with numerous defects that rendered it unseaworthy for its intended purpose.

7. At all times material, Tin Man's Pride, LLC, owned the *M/Y* Tin Man's Pride, a 2010 Malle yacht.

8. At all material times, the *M/Y* Lohengrin was docked at Universal Marine Center located in Ft. Lauderdale, FL.

9. At all material times, the *M/Y* Lohengrin was undergoing extensive repairs and renovations. These repairs included painting and refinishing work, which included the use of oil-based paints and stains.

10. At all material times, the *M/Y* Tin Man's Pride, was also docked at Universal Marine Center in a boat slip near the *M/Y* Lohengrin.

11. During the early morning hours of November 16, 2019, the *M/Y* Lohengrin caught fire.

12. As a result of the fire, the *M/Y* Tin Man's Pride sustained significant damage.

13. At all times material hereto, TRAVELERS was a foreign corporation

authorized to conduct business within the State of Florida, which conducted business within Broward County, Florida, including, but not limited to, writing and issuing insurance policies.

14. At all times material, TIN MAN'S PRIDE, LLC, had in effect a policy of insurance with TRAVELERS insuring the 2010 Malle yacht, *M/Y* Tin Man's Pride, under policy number ZYM-51M09676-19-ND. A copy of the insurance policy is attached as Exhibit "A" and made a part hereof.

15. At all times material hereto, and within the policy period, as a result of the damage sustained by Tin Man's Pride, LLC, and pursuant to its contract of insurance, TRAVELERS paid Tin Man's Pride, LLC, the total sum of Eighty-Seven Thousand and One Hundred Fifty-One Dollars and Sixty-Two Cents ($87,151.62).

16. Accordingly, TRAVELERS is subrogated to any right of action the Tin Man's Pride, LLC, may have had against the entity, here LOHENGRIN, LTD., which caused the insured injury. See State Farm Mutual Auto. Ins. Co. v. Hassen, 650 So. 2d 128, 132 (Fla. 2d DCA 1995).

17. Respondent/Claimant has been damaged in a sum in excess of the minimum jurisdictional limits of this Honorable Court. See 28 U.S.C. § 1332.

18. At all times material, Respondent's/Claimant's damages were not the result of any negligence or fault of Respondent/Claimant and/or for those to whom it was responsible.

19. At all times material, all conditions precedent to the institution of this action have been performed, occurred, waived or otherwise have been excused.

## COUNT I
## NEGLIGENCE OF LOHENGRIN, LTD.

20. Claimant reasserts, re-alleges and incorporates by reference paragraphs 1-19 above as if fully stated herein and further allege:

21. LOHENGRIN, LTD., (including its managers, officers and directors which were involved with its repair and renovation (hereinafter "LOHENGRIN")) owed to Claimant the duty to exercise reasonable care consistent with prudent seamanship in renovating and repairing the *M/Y* Lohengrin to ensure that it did not catch on fire and damage other boats, including the *M/Y* Tin Man's Pride, and property.

22. This includes a duty of reasonable care in the operation and maintenance of the *M/Y* Lohengrin during renovations and repair.

23. LOHENGRIN breached these duties, and thus, was negligent, negligent per se, and/or grossly negligent in a number of different ways including but not limited to:

a. negligently failing to have adequate safety equipment, safety procedures/protocols and/or personnel/crew in place to prevent a fire and/or to extinguish a fire during repair and/or renovations of the *M/Y* Lohengrin, including but not limited to, (i) the proper storage of painting equipment/machinery; (ii) the disposal of soiled paint and varnishing rags; and (iii) maintaining the proper ventilation/ air conditioning on the *M/Y* Lohengrin to avoid fire hazards;

b. negligently failing to follow industry standards when painting and/or varnishing the interior of the *M/Y* Lohengrin to prevent it from catching fire during repair and/or renovations;

c. negligently selecting and/or retaining persons, contractors, subcontractors and/or entities, including but not limited to, Atlantic Refinishing Crew, Inc., Dutch

9

Superyacht Painters, B, New Image Yacht Refinishing, and/or other entities to be determined, to perform repair and /or renovation work on the *M/Y* Lohengrin.

      d.    negligently supervising, instructing and/or training its employees, crew, contractors, subcontractors, and/or the entities hired to perform renovation and/or repair work, including but not limited to, Atlantic Refinishing Crew, Inc., Dutch Superyacht Painters, B, New Image Yacht Refinishing, and/or other entities to be determined, in relation to: (i) the proper storage of painting equipment/machinery; (ii) the disposal of soiled paint and varnishing rags; and (iii) maintaining proper ventilation/ air conditioning on the *M/Y* Lohengrin to avoid fire hazards;

      e.    negligently failing to maintain proper ventilation/ air conditioning on the *M/Y* Lohengrin while it was undergoing to repair and renovation to avoid fire hazards;

      f.    negligently instructing and/or allowing its employees, crew, contractors, subcontractors, Atlantic Refinishing Crew, Inc., Dutch Superyacht Painters, B, New Image Yacht Refinishing, and/or other entities to be determined, to perform renovation and/or repair work in an unsafe manner;

      g.    negligently failing to inspect or maintain the *M/Y* Lohengrin at the completion of the work day to confirm that painting equipment/machinery and soiled paint and varnishing rags were not left onboard the *M/Y* Lohengrin;

      h.    negligently failing to exercise due care and caution when operating the *M/Y* Lohengrin; and

      i.    any other violations of standard marine practice, regulations, industry standards, and/or acts of negligence by LOHENGRIN to be determined.

24. These negligent acts by LOHENGRIN caused it to catch on fire which then caused substantial damage to the *M/Y* Tin Man's Pride.

25. These negligent acts and deficiencies by LOHENGRIN which caused the *M/Y* Tin Man's Pride to be damaged, were within the privity and knowledge of LOHENGRIN and/or LOHENGRIN knew or should have known of these negligent acts and deficiencies before this casualty occurred and failed to take proper precautions.

26. As a direct and proximate cause of LOHENGRIN'S breaches of its duties, Claimant, as subrogee of (a/s/o) Tin Man's Pride, LLC, was damaged as more fully set forth above in the amount of Eighty-Seven Thousand and One Hundred Fifty-One Dollars and Sixty-Two Cents ($87,151.62).

## COUNT II
## VICARIOUS LIABILTY BY LOHENGRIN, LTD.

27. Claimant reasserts, re-alleges and incorporates by reference paragraphs 1-19 above as if fully stated herein and further allege:

28. At all times material to this action, the LOHENGRIN, LTD., (including its managers, officers and directors which were involved with its repair and renovation (hereinafter "LOHENGRIN")) was in the business of repairing and renovating yachts for resale.

29. At all times material hereto, LOHENGRIN owed and/or undertook a non-delegable duty that the repair and renovation work related to the *M/Y* Lohengrin would be performed in a reasonable, non-negligent and workmanlike manner.

30. At all times material hereto, the restoration work being performed on the vessel involved the use of chemical and other materials that rendered the work inherently dangerous. Specifically, the performance of the work, was such that in the ordinary

11

course of events, performance of the work would probably cause injury if proper precautions were not taken.

31. Accordingly, LOHENGRIN was responsible for supervision, direction, management and control of all repair and restoration work on the *M/Y* Lohengrin, including, but not limited to, the work performed by its contractors and/or subcontractors, including but not limited to, Atlantic Refinishing Crew, Inc., Dutch Superyacht Painters, B, and/or New Image Yacht Refinishing. The Contracts are currently not in possession or control of the Plaintiff; however, upon receipt of the Contracts through discovery, they will be amended hereto.

32. Atlantic Refinishing Crew, Inc., Dutch Superyacht Painters, B, New Image Yacht Refinishing, and/or other entities yet to be determined were negligent in the following ways:

    a. negligently failing to take appropriate safety precautions and/or have appropriate safety protocols and policies in place to prevent the *M/Y* Lohengrin from catching fire during repair and/or renovations;

    b. negligently failing to follow industry standards when painting and/or varnishing the interior of the M/Y Lohengrin to prevent it from catching fire during repair and/or renovations;

    c. negligently performing repair and /or renovation work on the *M/Y* Lohengrin;

    d. negligently failing to inspect, dispose, and/or remove painting equipment/machinery and/or soiled paint and varnishing rags left onboard the *M/Y* Lohengrin at the completion of the workday to avoid fire hazards;

      e.      negligently failing to maintain proper ventilation/ air conditioning on the *M/Y* Lohengrin while undergoing to repair and renovation to avoid fire hazards;

      f.      negligently supervising and/or training its employees and/or crew in relation to: (i) removing painting equipment/machinery, (ii) disposing of soiled paint and varnishing rags; and (iii) maintaining proper ventilation/ air conditioning on the *M/Y* Lohengrin while undergoing repairs and renovations to avoid fire hazards;

      g.      negligently instructing and/or allowing its employees and/or crew to perform repair and renovation work in an unsafe manner;

      h.      negligently failing to exercise due care and caution when performing renovation and repair work on the *M/Y* Lohengrin; and

      i.      any other violations of standard marine practice, regulations, industry standards, and/or acts of negligence to be determined.

      33.      The negligent acts of Atlantic Refinishing Crew, Inc., Dutch Superyacht Painters, B, New Image Yacht Refinishing, and/or entities yet to be determined caused the *M/Y* Lohengrin to catch fire which then caused substantial damage to the *M/Y* Tin Man's Pride.

      34.      At all times material hereto, pursuant to Florida law, LOHENGRIN remained liable for Atlantic Refinishing Crew, Inc.'s, Dutch Superyacht Painters, B's, New Image Yacht Refinishing's, and/or yet to be determined entities' negligence and negligent performance of the non-delegable duties undertaken by LOHENGRIN, including but not limited to, the negligence more fully described in paragraphs 32 and 33 above.

      35.      These negligent acts and deficiencies as more fully described in paragraphs 32 and 33 above, which caused the *M/Y* Tin Man's Pride to be damaged, were within the

privity and knowledge of LOHENGRIN and/or LOHENGRIN knew or should have known of these negligent acts and deficiencies before this casualty occurred and failed to take proper precautions.

36. As a direct and proximate result of the negligence of Atlantic Refinishing Crew, Inc., Dutch Superyacht Painters, B, New Image Yacht Refinishing, and/or entities yet to be determined, for whom LOHENGRIN is vicariously liable, Claimant suffered damage as more fully set forth above in the amount of Eighty-Seven Thousand and One Hundred Fifty-One Dollars and Sixty-Two Cents ($87,151.62).

## RESERVATION OF RIGHT TO JURY TRIAL

Claimant/Respondent reserves its right to a jury trial for all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Claimant, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA AS SUBROGEE OF (A/S/O) TIN MAN'S PRIDE, LLC, prays that, after due proceedings, this Honorable Court:

a. Dismiss and/or Deny Petitioner's, LOHENGRIN, LTD., V*erified Complaint for Exoneration from or Limitation of Liability* and lift the injunction currently in place in this matter;

b. Require Petitioner to obtain an appropriate appraisal and deposit the security in the form of a cash deposit into the registry of the Court, so that the limitation fund reflects the full value of the *M/Y* Lohengrin, IMO Number 8735998, and any vessels in the flotilla which were under the common operation, control, and enterprise of Petitioner;

c. Render judgment herein in favor of Claimant, and against Petitioner, for all damages as are warranted under general maritime law and/or Florida common law, pre-judgment interest accrued on such damage, and for all costs of these proceedings; and

d. Order all other relief to which Claimant is entitled to under law and equity.

Dated at Hollywood, Broward County, Florida, this **25th** day of June, 2020.

> KRAMER, GREEN, ZUCKERMAN, GREENE & BUCHSBAUM, P.A.
> *Attorneys for Travelers*
> 4000 Hollywood Boulevard, Suite 485-South
> Hollywood, FL 33021
> Tel: (954) 966-2112
> Fax: (954) 981-1605
>
> By:   */s/ Craig M. Greene*
> CRAIG M. GREENE, ESQ.
> Fla. Bar No. 618421
> JEANETTE BELLON, ESQ.
> Fla. Bar No. 45351

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **25th** day of June, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing

generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                     KRAMER, GREEN, ZUCKERMAN,
GREENE & BUCHSBAUM, P.A.
*Counsel for Travelers*
4000 Hollywood Blvd., Suite 485-S
Hollywood, FL 33021
(954) 966-2112 – phone
(954) 981-1605 - fax

By: */s/ Craig M. Greene*
CRAIG M. GREENE, ESQ.
Fla. Bar No. 618421

## SERVICE LIST

CASE NO. 0:20-cv-60970-RS

**Darren W. Friedman, Esq.**
**Jeffery Foreman, Esq.**
**Paul Bagely, Esq.**
FOREMAN FRIEDMAN, P.A.
One Biscayne Tower, Suite 2300
2 South Biscayne Blvd.
Miami, FL 33131
Tel: 305:358-6555
*Counsel for Petitioner*