**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**IN ADMIRALTY**

**CASE NO.: 0:20-cv-60970-RS**

IN RE THE COMPLAINT OF:
LOHENGRIN, LTD., as owner of the 2006
*M/Y* Lohengrin, a 2006, 161-foot aluminum
trideck motoryacht from Trinity Yachts,
IMO Number 8735998, for Exoneration from
or Limitation of Liability

_____/

**ORDER DENYING MOTION TO DISMISS**

This matter is before the Court on the Motion to Dismiss [DE 16] filed by Petitioner, Lohengrin, Ltd., the Response in Opposition [DE 26], filed by Respondents, Tommy Lee and TQY LLC ("Respondents") and the Reply [DE 31]. On May 25, 2020, Petitioner filed a Complaint for exoneration or limitation of liability pursuant to the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.* (*See* Compl. [DE 1].) On June 25, 2020, Respondents filed their answer and affirmative defenses, and a claim to Petitioner's Complaint (the "Claim") [DE 10].[1] The Claim consists of one single cause of action. Petitioner moves to dismiss the Claim, asserting that Respondents have failed to designate any specific causes of action. Respondents, however, assert that they only seek to bring a negligence claim under maritime law. For the reasons stated below, the Motion is denied.

---

[1] Respondent improperly titles its "claim" as a "counterclaim." Supplemental Rule F(5) of the Supplemental Rules for Admiralty or Maritime Claims does not refer to a claim in response to a complaint for exoneration as a "counterclaim," but rather as a "claim." Thus, the Court will not refer to Respondent's claim as a counterclaim but as a claim.

## I. FACTUAL BACKGROUND

This action arises out of a vessel fire, which occurred on November 16, 2019, while the subject-vessel, the *M/Y Lohengin*, a 161-foot Trinity (the "Vessel"), was docked in the water at the Universal Marine Center. (*See* generally DE 1.) At the time of the fire, Respondents allege that they had many items and equipment in the water where the fire occurred. (DE 10 ¶ 8.) As a result of the fire, Respondents suffered a loss of approximately $424,399.80, because of the damage to their items and equipment. (*Id.* ¶¶ 9-10.) Respondents filed a claim against Petitioner, asserting maritime negligence and seeking to recover monetary damages for the loss suffered as a result of the fire on the Vessel.

On July 31, 2020, Petitioner filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). On August 31, 2020, Respondent filed its Response in Opposition and on September 8, 2020, Petitioner filed its Reply.

## II. LEGAL STANDARD

Supplemental Rule F(5) of the Supplemental Rules for Admiralty or Maritime Claims, governs the claim at issue. It states: "Each claim shall specify the facts upon which the claimant relies in support of the claim, the items thereof, and the dates on which the same accrued." Supplemental Rule F(5). Pursuant to Supplemental Rule A(2), the Federal Rules of Civil Procedure apply to Supplemental Rules for Admiralty or Maritime Claims "except to the extent that they are inconsistent with [the] Supplemental Rules." Supplemental Rule A(2). Courts have found that Rule 12(b)(6) is the proper standard of review governing a challenge to the sufficiency of a claim under Supplemental Rule F(5). *See Matter of Horizon Dive Adventures, Inc. v. Sotis*, Case No. 17-10050-Civ-King/Simonton, 2018 WL 6978636, at *4 n.4 (S.D. Fla. Nov. 28, 2018) (collecting cases).

"The appropriate standard for deciding to dismiss a claim is whether it appears beyond doubt that the plaintiff can prove no set of facts to support his claim." *GSW, Inc. v. Long Cty., Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993) (citation omitted). All facts set forth in the complaint are to be accepted as true. *Id.* The Court draws all reasonable inferences in the plaintiff's favor. *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal marks and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Still, a well-pled complaint survives a motion to dismiss "even if it strikes a savvy judge that actual proof of these facts is improbable, and that a recovery is very remote and unlikely." *Id.* at 556.

## III.    DISCUSSION

As an initial matter, Petitioner seeks dismissal of the Claim, contending that Respondents have failed to designate any distinct causes of action. More specifically, Petitioner contends that it is unclear precisely what legal claim or claims—whether negligence or unseaworthiness—Respondents seek to assert against Petitioner. In their response, Respondents admit that they only seek to assert a claim for negligence under maritime law. Thus, the Court is not inclined to dismiss the Complaint because although there is a single cause of action, Respondents admit that their claim is sounding in maritime negligence.[2] Next, Petitioner seeks dismissal of any negligence claim because Respondents have failed to allege how Petitioner's purported negligence caused the

---

[2] Any arguments raised by Petitioner and asserting that Respondents have failed to state a claim for unseaworthiness are moot because Respondents admit that they do not seek to bring a claim for unseaworthiness.

fire on the Vessel.  The Court will address this argument.

To properly plead a negligence claim, a plaintiff must allege four elements: (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm.  *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012).  Courts have held that the elements of maritime negligence are essentially the same as those for common law negligence.  *Id.*  To prove causation a plaintiff must establish both actual cause or but-for cause, and proximate cause.  *Marabella v. NCL (Bahamas), Ltd.*, 437 F. Supp. 3d 1221, 1229 (S.D. Fla. 2020) (citing *Smith v. United States*, 497 F.3d 500, 506 (5th Cir. 1974)).  Furthermore, the Court notes that under admiralty law, causation is a material element of a negligence claim and the issue of proximate cause involves the application of law to fact, which is left to the fact finder.  *Chaparro*, 693 F.3d at 1336.  At the motion to dismiss stage, it is enough if one can reasonably infer actual and proximate causation for plaintiff's injuries from defendant's alleged negligence. *Id.*  This is satisfied where a sufficiently detailed factual background of the incident is alleged along with allegations of the purported foreseeable causation of plaintiff's injuries.  *See Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225 (11th Cir. 2014) (denying motion to dismiss maritime negligence claim where "[p]laintiff sufficiently pleaded a basis for proximate cause . . . ").

Petitioner contends that the Claim should be dismissed because Respondent fails to allege facts supporting proximate cause.  Taking Respondent's allegations as true, the Court finds that Respondent has adequately alleged proximate cause and has stated a claim for maritime negligence.  Specifically, the Claim alleges:

> The fire that commenced on Petitioner's vessel, spread to the *M/Y* Reflection, and damaged and destroyed the TQY Claimants' items and equipment, was caused by

the fault, neglect, actions or inactions of Petitioner, its principals or agents, by failing to maintain the vessel in a reasonably safe condition, by failing to properly maintain the vessel's fire suppression system, by failing to have the vessel's fire suppression system properly installed in the vessel, by failing to maintain the vessel in a seaworthy condition, by failing to exercise reasonable care in the detection, suppression and/or prevention of the fire onboard the vessel and/or for other reasons that may arise through discovery.

As a proximate result of the neglect, fault, actions or inactions of the Petitioner and/or its principals or agents, fire commenced on Petitioner's vessel, the *M/Y* Lohengrin, spread to the *M/Y* Reflection, moored close by, causing extensive fire damage to the TQY Claimants' items and equipment in the water where the fires occurred, including around Petitioner's vessel, the *M/Y* Lohengrin, and the *M/Y* Reflection.

The TQY Claimants affirmatively aver that the casualty complained of and the alleged damages resulting therefrom were caused in whole or in part by the negligence of the Petitioner and/or its principals, agents or crew, and that such acts of negligence were within the privity and knowledge of the Petitioner and/or its principals or agents.

(*Id.*¶¶ 12-15.)

Thus, the Court finds that the Claim sufficiently alleges a claim for maritime negligence.

Accordingly, it is

**ORDERED that** the Motion to Dismiss [DE 16] filed by Petitioner, Lohengrin, Ltd. is **DENIED.**

**DONE AND ORDERED** in Fort Lauderdale, Florida, on 17th day of February 2021.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:     Counsel of Record