IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

IN ADMIRALTY

CASE NO. 20-cv-60970-SMITH/Valle

IN RE THE COMPLAINT OF:
LOHENGRIN, LTD., as owner of the 2006
*M/Y* Lohengrin, a 2006 161-foot aluminum
trideck motoryacht from Trinity Yachts,
IMO Number 8735998, for Exoneration from or
Limitation of Liability.
_____/

**PETITIONER'S RESPONSE TO TQY'S MOTION TO STRIKE**

Petitioner, Lohengrin, Ltd. ("Lohengrin") hereby files its response in opposition to Claimants' TQY, LLC and Tommy Le's ("TQY") Motion to Strike Petitioner's Answer and Affirmative Defenses [DE 89].

**I.   INTRODUCTION**

This matter arises out of a vessel fire, which occurred on or about November 16, 2019, while the subject-vessel, while the subject-vessel, the *M/Y* Lohengrin was docked in the water at the Universal Marine Center. [DE 1]. TQY is a yacht refinishing company, which claims it suffered fire damage to equipment it had in the water and around the subject-vessels which caught fire [DE 10]. TQY has moved to strike or, in the alternative, sought a more definite statement as to six out of 10 of Lohengrin's affirmative defenses as well as a portion of Lohengrin's "prayer for relief." [DE 89]. As discussed more fully below, TQY's motion to strike or for a more definite statement should be denied in its entirety.

TQY filed one affirmative defense to Petitioner's limitation action, which provided:

> The TQY Claimants affirmatively aver that the casualty complained of and the alleged damages resulting therefrom were caused in whole or in part by the negligence of Petitioner, and/or its principals, and that such acts of negligence were within the privity and knowledge of Petitioner and/or its principals.

TQY does not specify the "acts" of negligence or the "cause" of the "casualty complained of" in its sole affirmative defense filed in this matter. TQY now attempts to impose greater pleading requirements on Lohengrin than is required by the Federal Rules and attempts to impose a greater pleading requirement than it followed in filing its own affirmative defense in this action. *Cf. Certain Underwriters at Lloyd's, London v. Top Dog Real Est. Holdings II, LLC*, No. 20-CV-60832, 2021 WL 736384, at *3 (S.D. Fla. Feb. 24, 2021) (Mag. J. Valle) ("In the absence of Eleventh Circuit precedent, the undersigned is persuaded by the reasoning in the cases holding that affirmative defenses are not subject to the heightened pleading standard in Twombly and Iqbal.").

## II. STANDARD ON MOTION TO STRIKE

Under the Federal Rules of Civil Procedure, the Court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored and are usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. *See Pandora Jewelers 1995, Inc. v. Pandora Jewelry*, LLC., No. 09-61490-CIV, 2010 WL 5393265, at *1 (S.D. Fla. Dec. 21, 2010) (citation omitted). To be stricken, an affirmative defense must be insufficient as a matter of law. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002). A defense is insufficient as a matter of law only if the pleading on its face is patently frivolous, or it is clearly invalid as a matter of law. *Id.* [1]

---

[1] An authority relied upon in TQY's motion to strike notes that motions to strike have been characterized by several courts in Florida as "time wasters" because they are so highly disfavored

Even deficient defenses, to the extent that they raise relevant and substantial legal and factual questions, may survive a motion to strike. *Muschong v. Millennium Physician Group, LLC*, 2014 U.S. Dist. LEXIS 41005, 2014 WL 1268574, *1 (M.D. Fla. Mar. 25, 2014). Denials, for example, that do not meet the technical definition of an affirmative defense, should not be stricken, but treated as specific denials. *Id.*, citing *Lugo v. Cocozella, LLC*, No. 12-80825-CIV, 2012 U.S. Dist. LEXIS 169456, 2012 WL 5986775, *1 (S.D. Fla. Nov. 29, 2012)).

Affirmative defenses are not stricken when the defense presents a bona fide issue. *See Maglione-Chenault v. Douglas Realty & Dev., Inc.*, 2014 U.S. Dist. LEXIS 48979, at *10 (M.D. Fla. April 9, 2014); *Fifth Third Bank v. Alaedin & Majdi Investments, Inc.*, No. 8:11-CV-2206-T-17TBM, 2012 U.S. Dist. LEXIS 48002, at *3 (M.D. Fla. Apr. 4, 2012) (explaining that a motion to strike an affirmative defense is usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties); *Story v. Sunshine Foliage World, Inc.*, 120 F. Supp.2d 1027, 1030 (M.D. Fla. 2000); *Seibel v. Society Lease, Inc.*, 969 F. Supp. 713, 715 (M.D. Fla. 1997). *See also Malibu Media, LLC v. Zumbo*, 2014 U.S. Dist. LEXIS 82272, at *2 (M.D. Fla. June 17, 2014) (holding that "to the extent that a defense puts into issue relevant and substantial legal and factual questions, it is sufficient and may survive a motion to strike, particularity when there is no showing of prejudice to the movant.")

Accordingly, "[a] court will only strike a defense as insufficient if: (1) it is patently frivolous on its face; or (2) it is clearly invalid as a matter of law." *Seybold v. Clapis*, 966 F. Supp. 2d 1312, 1314 (M.D. Fla. 2013) (citing *Guididas v. Cmty. Nat'lBank Corp.*, No. 8:11-cv-2545, 2013 WL 230243, at *1 (M.D. Fla. Jan. 22, 2013)). In other words, "[a]n affirmative defense will

---

and considered an "extreme measure." *See Holtzman v. B/E Aerospace, Inc.*, No. 07-80551, 2008 WL 2225668, at *1 (S.D. Fla. May 28, 2008).

be held insufficient as a matter of law only if it appears that the defendant cannot succeed under any set of facts which it could prove," and "[t]o the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." *See Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citations omitted); *see also Nobles v. Convergent Healthcare Recoveries, Inc.*, No. 8:15-cv-1745, 2015 WL 5098877, at *1 (M.D. Fla. Aug. 31, 2015) (explaining that "[e]ven deficient defenses, to the extent that they raise relevant and substantial legal and factual questions, may survive a motion to strike." (citing *Muschong v. Millennium Physician Grp., LLC*, No. 2:13-cv-705, 2014 WL 1268574 at *1 (M.D. Fla. Mar. 27, 2014))). In deciding a motion to strike under Rule 12(f), "the movant bears the burden of demonstrating that the challenged matter should be stricken." *Cincinnati Ins. Co. v. Quorum Mgmt. Corp.*, No. 5:12-cv-406, 2014 WL 585426, at *2 (M.D. Fla. Feb. 14, 2014) (citation omitted).

### III. LOHENGRIN'S AFFIRMATIVE DEFENSES ARE LEGALLY SUFFICIENT AND SHOULD NOT BE STRICKEN

#### A. The Court should not strike Lohengrin's second affirmative defense

TQY argues in its Motion that the Court should strike Lohengrin's second affirmative defense, which provides that Claimant's Claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6), because the Court denied Lohengrin's motion to dismiss Claimant's Claim already and because it is allegedly not a valid affirmative defense. TQY's arguments, however, miss the mark and do not even meet Claimants' threshold burden to show how it would be prejudiced were the defense not stricken. *Cf. U.S. Specialty Ins. Co. v. Burd*, No. 6:09-cv-231-Orl-31KRS, 2009 WL 1537899, at *2 (M.D. Fla. June 2, 2009) ("To the extent that a

defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the defendant.") (internal citations omitted). On this basis alone, TQY's motion to strike Lohengrin's second affirmative defense should be denied.[2]

In addition to TQY's failure to identify how it would be prejudiced at all by Lohengrin's Second Affirmative Defense remaining, TQY's Motion should be denied because under Rule 12, "the failure to state a claim upon which relief can be granted" represents a defense that may be asserted in a responsive pleading or a motion. *See* Fed. R. Civ. P. 12(b); Fed. R. Civ. P. 12(h)(2); *see also Moore*, 2014 WL 2527162, at *2 ("Federal Rule of Civil Procedure 12(h)(2) allows a party to raise the failure-to-state-a-claim defense in any pleading that Federal Rule of Civil Procedure 7(a) allows, which includes an answer to a complaint."). Thus, even where courts have found that this defense is not an "affirmative defense," rather than strike the defense, they have held that the "proper remedy" is to view it "as a specific denial" or as "harmless[]." *See Ahamad v. Maxim Healthcare Servs., Inc.*, 2013 WL 5781245, at *1 (M.D. Fla. Oct. 25, 2013) (declining to strike defense that "Plaintiff has 'failed to state a claim upon which relief can be granted,'" because where "disputed defenses amount to denials of Plaintiff's claim ... [t]he proper remedy is not to strike these defenses, but to treat them as denials"); *see also Moore*, 2014 WL 2527162 ("Given [Fed. R. Civ. P. 12(h)(2) and 7(a)] and the harmlessness of any mistaken designation of the defense as an affirmative one, the Court declines to strike those paragraphs.").

---

[2] *See also Int'l Metalizing & Coatings*, 2012 WL 2889687 at *1 (M.D. Fla. Jul. 19, 2010) ("A motion to strike will usually be denied unless the allegations have no possible relation to the controversy ***and may cause prejudice to one of the parties***") (internal citations omitted) (emphasis added).

Finally, the Court expressly ruled in denying Lohengrin's motion to dismiss that "the Court is not inclined to dismiss the Complaint because although there is a single cause of action, Respondents admit that their claim is sounding in maritime negligence." [DE 72 at p. 3]. Therefore, the Court did not pass on all the potential bases for dismissal under Fed. R. Civ. P. 12(b)(6) based on TQY's representations in its response to the motion to dismiss that it was only bringing one cause of action. TQY's pleading itself, however, never identifies the single cause of action. Thus, there may still be a valid basis for the 12(b)(6) defense should TQY attempt to make out a claim different than maritime negligence based on its initial pleading. For these reasons, the Court should not strike Lohengrin's second affirmative defense.

### B. Lohengrin's fourth affirmative defense is valid as pled related to superseding causes

TQY argues that a "more definite statement" (though it only cites Rule 12(f) in its motion) is warranted related to Lohengrin's fourth affirmative defense because it is purportedly "too vague and opaque for the TQY Claimants to properly deal with the defense." [DE 89 at ¶ 12]. TQY, however, is wrong as a matter of law. **First**, TQY attempts to impose a heightened pleading burden on Lohengrin, which this Court does not follow. *Certain Underwriters at Lloyd's, London v. Top Dog Real Est. Holdings II, LLC,* No. 20-CV-60832, 2021 WL 736384, at *3 (S.D. Fla. Feb. 24, 2021) (Mag. J. Valle) ("In the absence of Eleventh Circuit precedent, the undersigned is persuaded by the reasoning in the cases holding that affirmative defenses are not subject to the heightened pleading standard in *Twombly* and *Iqbal*."). **Second**, other judges in this district, including Judge Beth Bloom, have rejected a similar argument attempting to strike finding:

> "[T]his defense provides adequate notice by alleging the existence of a superseding cause that "cut off any causal connection between [Defendant's] alleged negligence and [Plaintiffs'] injuries" *Wiegand v. Royal Caribbean Cruises Ltd.*, No. 19-cv-25100, 473 F.Supp.3d 1348, 1352 (S.D. Fla. July 20, 2020). "Under general federal maritime law, a superseding cause defense, if successful, completely

>  exculpates the defendant of any liability in the matter." *Id.* (citing *Exxon Co., U.S.A. v. Sofec, Inc.*, 517 U.S. 830, 837-838, 116 S.Ct. 1813, 135 L.Ed.2d 113 (1996)). The Eleventh Circuit has explained that "[r]equiring a defendant to plead certain defenses affirmatively serves the important purpose of providing notice to the plaintiff and the court."...The defendant is not required to "set out in detail the facts" upon which his affirmative defense is based; rather, he need only set forth a "short and plain statement" that will give "fair notice" of the defense and the "grounds upon which it rests." *T.G. v. Sears, Roebuck & Co.*, No. 06-61228-CIV, 2006 WL 8432512, at *2 (S.D. Fla. Nov. 20, 2006). Further, "[a]s to the lack of factual support, the Court will not strike this affirmative defense where the parties have not conducted discovery and only Plaintiff was present...at the time of the alleged injury. This affirmative defense is better challenged at summary judgment." *Iskandar*, 2018 WL 7463362, at *2. As such, Plaintiffs' Motion is denied as to Defendant's Eleventh Affirmative Defense.

*Birren v. Royal Caribbean Cruises, Ltd.*, 336 F.R.D. 688, 696–97 (S.D. Fla. 2020) (Bloom, J.).

Here, as in *Birren*, Lohengrin's Fourth Affirmative Defense provides adequate notice to TQY as a matter of law – especially in the context where Lohengrin was not present at the time of the fire. *See*, *e.g.*, *Ellison v. Nw. Eng'g Co.*, 521 F. Supp. 199, 203 (S.D. Fla. 1981) (King, J.) ("The defendant further asserts that the injury was caused by a third party over whom the defendant had no control, or by an intervening and unforeseeable cause. This Court, finding no legal bar to these defenses, holds that they should not be stricken at the pleading stage. The plaintiffs' motion to strike them is hereby denied.").

Notwithstanding TQY's assertions that Lohengrin is being intentionally evasive as to the cause of the fire (it is not), Lohengrin does not know the cause of the fire and has sought more specificity from each Claimant as to their theory of the cause of fire. Lohengrin has also propounded paper discovery on the other claimants as to their evidence relating to the supposed cause of the fire and has not received any discovery back yet as of the filing of this response. *See Birren*, at 696-97 (S.D. Fla. 2020) (denying motion to strike superseding cause defense because it

7

provided adequate notice of the defense); *See Miller v. Se. Supply Header, LLC*, No. CA 09-0067-KD-C, 2010 WL 55637, at *9 (S.D. Ala. Jan. 4, 2010) (finding that it is "much too early in the litigation" to strike claim because plaintiffs "should be extended the opportunity, through the discovery process, to flesh out" claim); *Martinez v. FMS, Inc.*, No. 3:07-cv-1157-J-33MCR, 2008 WL 410101, at *1 (M.D. Fla. Feb. 12, 2008) (refusing to strike claim "at this early stage in the litigation").

### C. Lohengrin's fifth affirmative defense should not be stricken

TQY asserts that a more definite statement is needed as to Lohengrin's fifth affirmative defense because the affirmative defense is "fundamentally evasive" and seeks to strike the affirmative defense because "seaworthiness has no bearing on TQY Claimants' claim for negligence." [DE 89 at ¶¶ 17 – 18]. TQY arguments fail on both bases seeking a more definite statement and to strike the defense.

With regard to the motion to strike the defense as irrelevant, TQY would have the Court ignore its own allegations in its pleading where it directly discussed that Lohengrin purportedly "had a duty to maintain its vessel in a seaworthy condition" and allegedly "fail[ed] to maintain the vessel in a seaworthy condition[.]" *Id* at ¶¶ 11-12. That Lohengrin alleges in its fifth affirmative defense that the was in all respects reasonably safe and seaworthy, that Petitioner hired skilled professionals to work on the boat, including TQY themselves, and that Petitioner exercised due diligence to make the vessel reasonably safe and seaworthy for refitting is wholly relevant to this action. As noted above, TQY also failed to allege how it would be prejudiced at all by this affirmative defense not being struck. *See Action Nissan, Inc. v. Hyundai Motor Am.*, 617 F. Supp. 2d 1177, 1187 (M.D. Fla. 2008) (rejecting request to strike where the plaintiff failed to demonstrate

prejudice, the answer provided notice that defense at issue might be raised, and the plaintiff had opportunity to pursue discovery to ascertain details of defense).

With regard to TQY's claim that a more definite statement is warranted, TQY again attempts to impose a heightened pleading burden on Lohengrin in its affirmative defenses than it practiced in its own affirmative defense and than is required under well-settled law. The Eleventh Circuit has explained that "[r]equiring a defendant to plead certain defenses affirmatively serves the important purpose of providing notice to the plaintiff and the court."...The defendant is not required to "set out in detail the facts" upon which his affirmative defense is based; rather, he need only set forth a "short and plain statement" that will give "fair notice" of the defense and the "grounds upon which it rests." *T.G. v. Sears, Roebuck & Co.*, No. 06-61228-CIV, 2006 WL 8432512, at *2 (S.D. Fla. Nov. 20, 2006). Contrary to TQY's assertions, Lohengrin has provided fair notice in its fifth affirmative defense to the Court and to the Claimant. Accordingly, TQY's motion should be denied on this basis as well.

**D. Lohengrin's sixth affirmative defense is legally sufficient**

TQY argues that Lohengrin's sixth affirmative defense related to TQY's failure to mitigate its damages "is also too vague and opaque for the TQY Claimants to deal with the defense." [DE 89 at 22]. TQY, again, is simply wrong and attempts to impose a heightened pleading standard on Lohengrin than it followed in formulating its own affirmative defense and pleading and as required under well-settled law in this district. *See Certain Underwriters at Lloyd's, London v. Top Dog Real Est. Holdings II, LLC,* No. 20-CV-60832, 2021 WL 736384, at *3 (S.D. Fla. Feb. 24, 2021) (Mag. J. Valle) ("In the absence of Eleventh Circuit precedent, the undersigned is persuaded by the reasoning in the cases holding that affirmative defenses are not subject to the heightened pleading standard in *Twombly* and *Iqbal*.").

In addition, the defense provides adequate notice by alleging TQY failed to mitigate damages. This defense has been upheld in other courts. *See*, *e.g.*, *Sembler Family P'ship No. 41, Ltd. v. Brinker Fla., Inc.*, No. 8:08-cv-1212-T-24MAP, 2008 WL 5341175, at *2 (M.D. Fla. Dec. 19, 2008) (defense stating that plaintiff's claim for damages is barred because plaintiff failed to undertake appropriate steps to mitigate damages is sufficient to put plaintiff on notice). Accordingly, TQY's motion for a more definite statement as to Lohengrin's sixth affirmative defense should also be denied in its entirety.

### E. Lohengrin's seventh affirmative defense should not be stricken

TQY again attempts to impose a heightened pleading standard upon Lohengrin in seeking a more definite statement as to Lohengrin's seventh affirmative defense for comparative negligence. TQY's motion for a more definite statement should be denied, however, because the defense places TQY on notice of the defense. *Certain Underwriters at Lloyd's, London v. Top Dog Real Est. Holdings II, LLC,* No. 20-CV-60832, 2021 WL 736384, at *3 (S.D. Fla. Feb. 24, 2021) (J. Valle). It is sufficiently descriptive to provide TQY with "fair notice" of Lohengrin's intent to raise the issue of TQY's comparative negligence. *See Birren v. Royal Caribbean Cruises, Ltd.,* 336 F.R.D. 688, 693 (S.D. Fla. 2020) (denying plaintiff's motion to strike defendant's comparative negligence affirmative defense because it "sufficiently apprises Plaintiffs of its intent to raise the issue of Plaintiffs' comparative fault and thus should not be stricken."). Moreover, as noted above, a motion to strike is "a drastic remedy that is generally disfavored and motions to strike affirmative defenses should be denied unless it is clear that the defenses could not succeed under any circumstances." *Niagara Distributors, Inc. v. N. Ins. Co. of New York*, No. 10-61113-CIV, 2011 WL 13096637, at *1 (S.D. Fla. Apr. 11, 2011). This court should deny the motion to strike or motion for more definite statement as to Lohengrin's seventh affirmative defense because it meets

the less stringent pleading standard and TQY has not demonstrated that this defense "could not succeed under any circumstances." *Id*.

### F. Lohengrin's tenth affirmative defense should not be stricken

Lohengrin's tenth affirmative defense, which invokes the Limitation of Liability Act, meets the less stringent pleading standard required under Rules 8(b) and 8(c). *Certain Underwriters at Lloyd's, London v. Top Dog Real Est. Holdings II, LLC,* No. 20-CV-60832, 2021 WL 736384, at *3 (S.D. Fla. Feb. 24, 2021) (J. Valle). It provides TQY with "fair notice" of the nature of the defense and Lohengrin's intent to raise it. *See Cape Flattery Ltd. v. Titan Mar. LLC,* No. CIV. 08-00482 JMS, 2012 WL 3113168, at *10 (D. Haw. July 31, 2012) (denying motion to strike Limitation Act defense because it "gives Plaintiff fair notice of the defense.").

TQY's argument that its "many items and equipment" does not constitute "merchandise" under 46 U.S.C. §30504 is based on case not dealing with the statute or maritime law from 1886 and does not change the fact that this affirmative defense meets the relaxed pleading standard set out by Rule 8. *See*, *e.g.*, *Malibu Media, LLC v. Zumbo*, 2014 U.S. Dist. LEXIS 82272, at *2 (M.D. Fla. June 17, 2014) (holding that "to the extent that a defense puts into issue relevant and substantial legal and factual questions, it is sufficient and may survive a motion to strike, particularity when there is no showing of prejudice to the movant.").

Furthermore, whether TQY's "many items and equipment" constitute merchandise under the statute is a question of fact or law, which is improper to be addressed in a motion to strike that only goes to the legal sufficiency of the defense. *Lawrence v. Gen. Motors Hourly-Rate Emps. Pension Plan*, No. 5:07-CV-408-OC-10GRJ, 2008 WL 11336675, at *1 (M.D. Fla. Jan. 29, 2008) ("When the sufficiency of the defense depends upon disputed issues of fact or questions of law, a motion to strike an affirmative defense should not be granted."). TQY's assertion that its

equipment does not constitute merchandise is insufficient to demonstrate that this defense "could not succeed under any circumstances." *Niagara Distributors, Inc. v. N. Ins. Co. of New York*, No. 10-61113-CIV, 2011 WL 13096637, at *1 (S.D. Fla. Apr. 11, 2011). This court should deny the motion to strike Lohengrin's tenth affirmative defense.

### G. Prayer for relief is legally sufficient

Lohengrin's prayer for relief seeking dismissal with prejudice should not be stricken. As an initial matter, the prayer for relief "is not couched in terms of a defense, nor is a prayer for dismissal…an 'immaterial, impertinent, or scandalous matter' under Rule 12(f)." *Cox v. Stone Ridge at Vinings, LLC,* No. 1:12-CV-02633-AT, 2012 WL 12931994, at *4 (N.D. Ga. Oct. 23, 2012) (denying motion to strike prayer for relief that sought dismissal with prejudice). Further, TQY's argument that the prayer for relief seeks the same relief that this Court already denied is misplaced. There are other bases to dismiss an action besides 12(b)(6) that this court might find applicable. *See Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (explaining that "[t]o the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant") (citations omitted); *see also Cincinnati Ins. Co. v. Quorum Mgmt. Corp*, No. 5:12-cv-406, 2014 WL 585426, at *2 (M.D. Fla. Feb. 14, 2014) (clarifying that in deciding a motion to strike under Rule 12(f), "the movant bears the burden of demonstrating that the challenged matter should be stricken") (citation omitted).

### IV.   CONCLUSION

In closing, Lohengrin respectfully requests the Court deny TQY's motion to strike in its entirety and for any other relief the Court deems just and proper.

Dated: April 8, 2021
Miami, FL

Respectfully submitted,

By: /s/  *Paul Bagley*
Jeffrey E. Foreman, Esq. (FBN 240310)
jforeman@fflegal.com
Darren W. Friedman, Esq. (FBN 146765)
dfriedman@fflegal.com
Paul Bagley, Esq. (FBN 94211)
pbagley@fflegal.com
FOREMAN FRIEDMAN, PA
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, FL 33131
Tel: 305-358-6555
Counsel for Petitioner

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on April 8, 2021. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

By: /s/     **Paul Bagley**

## SERVICE LIST
CASE NO: 20-cv-60970-SMITH/Valle

| | |
|---|---|
| Cullin A. O'brien, Esq. | Jeffrey E. Foreman, Esq. |
| cullin@cullinobrienlaw.com | jforeman@fflegal.com |
| CULLIN O'BRIEN LAW, P.A. | Darren W. Friedman |
| 6541 NE 21st Way | dfriedman@fflegal.com |
| Ft. Lauderdale, FL 33308 | sargy@fflegal.com |
| Tel 561-676-6370/Fax: 561-320-0285 | Paul Bagley, Esq. |
| Counsel for Claimants, Tommy Le and | pbagley@fflegal.com |

13

**FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

| | |
|---|---|
| TQY LLC | lschrader@fflegal.com |
| | FOREMAN FRIEDMAN, PA |
| Craig M. Greene, Esq. | One Biscayne Tower, Suite 2300 |
| cgreene@kramergreen.com, dbirchall@kramergreen.com, | 2 South Biscayne Boulevard |
| gproctor@kramergreen.com, | Miami, FL 33131 |
| jbellon@kramergreen.com, | Tel: 305-358-6555 |
| jnapoli@kramergreen.com | Counsel for Plaintiff/Petitioner |
| KRAMER, GREEN, ZUCKERMAN, GREENE & BUCHSBAUM, P.A. | |
| 4000 Hollywood Blvd., Suite 485-S | |
| Hollywood, FL 33021 | |
| Tel: 954-966-2112/ Fax: 954-981-1605 | |
| Counsel for Claimants: Travelers Property Casualty Company of America as subrogee of (A/S/O) Buckner Bay Marine, LLC, and Travelers Property Casualty Company of America as subrogee of (A/S/O) Tin Man's Pride, LLC | |

Andrew N. Mescolotto, Esq.
anm@fertig.com
FERTIG AND GRAMLING
200 Southeast 13th Street
Fort Lauderdale, FL 33316
Tel: 954-763-5020/ Fax: 954-763-5412
Counsel for Universal Marine Center

John D. Kallen, Esq.
Jdklaw1@aol.com
julie@jdk-law.com
John D. Kallen, P.A.
17071 West Dixie Highway
North Miami Beach, FL 33160
Tel: 305-956-5775
Counsel for 3rd Party Defendant, Atlantic Refinishing Crew