## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 20-60970-CIV-SMITH

IN RE: THE COMPLAINT OF:
LOHENGRIN, LTD., as owner of the 2006
M/Y Lohengrin, a 2006 161-foot aluminum
trideck motoryacht from Trinity Yachts,
IMO Number 8735998, for Exoneration from or
Limitation of Liability.

_____/

### ORDER GRANTING PETITIONER'S MOTIONS TO DISMISS[1]
### TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA AS SUBROGEE OF
### TIN MAN'S PRIDE, LLC, AND AS SUBROGEE OF BUCKNER BAY MARINE, LLC'S
### AMENDED CLAIMS

This matter is before the Court on Petitioner Lohengrin Ltd.'s Motions to Dismiss Travelers

Property Casualty Company of America as Subrogee of Tin Man's Pride, LLC and as Subrogee

of Buckner Bay Marine LLC's (collectively "Travelers") Amended Claims ("the Motions") [DE

63 & 64], Travelers's Responses in Opposition [DE 68 & 67], and Petitioner's Replies [DE 69 &

70].  On May 25, 2020, Petitioner filed a Complaint for exoneration or limitation of liability

pursuant to the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*  (*See* Compl. [DE 1].)  On

January 12, 2021, Travelers as subrogee of Buckner Bay Marine, LLC filed an answer and

affirmative defenses and amended claim to Petitioner's Complaint [DE 58] and a separate answer

and affirmative defenses and amended claim to Petitioner's Complaint as subrogee of Tin Man's

---

[1]  Both Petitioner and Travelers are noncompliant with the Court's Notice of Joint Motions in the
Order entered on October 1, 2020.  The Order mandates: "The parties are hereby notified that
multiple Plaintiffs or Defendants shall file joint dispositive motions, including motions to dismiss
and motions for summary judgment, with co-parties unless there are clear conflicts of positions or
grounds for relief."  The Court will strike future filings which do not comply with its Notice of
Joint Motions.

Pride, LLC [DE 59] (the "Amended Claims")[2].  The Amended Claims[3] are nearly identical except for the amount of damages being claimed in respect to the *M/Y Reflections* and the *M/Y Tin Man's Pride*.  For the reasons set forth below, the Motions to Dismiss [DE 63 & 64] are **GRANTED**.

## I.      FACTUAL BACKGROUND

This action arises out of a fire aboard the *M/Y Lohengrin*, a 161-foot Trinity motor yacht (the "Vessel"), which occurred on November 16, 2019, while the Vessel was docked at the Universal Marine Center.  (*See generally* Compl.)  Travelers alleges that the fire aboard the Vessel spread to the *M/Y Reflections*—owned by Buckner Bay Marine, LLC—and that the *M/Y Reflections* was declared a total loss.  (DE 58 ¶ 12.)  Similarly, Travelers asserts that the fire spread to the *M/Y Tin Man's Pride* and caused extensive damage.  (DE 59 ¶ 12.)  Travelers insured both the *M/Y Reflections* and the *M/Y Tin Man's Pride*.  (DE 58 ¶ 14, DE 59 ¶ 14.) At the time of filing the Amended Claims, Travelers had disbursed $4,323,182.23 and $87,151.62 to Buckner Bay Marine, LLC and Tin Man's Pride, LLC, respectively, for their claims.  (DE 58 ¶ 15, DE 59 ¶ 15). Travelers now seeks to recover from Petitioner the amounts paid out to Buckner Bay Marine, LLC and Tin Man's Pride, LLC.

## II.     LEGAL STANDARD

Supplemental Rule F(5) of the Supplemental Rules for Admiralty or Maritime Claims governs the amended claims at issue.  It states: "[e]ach claim shall specify the facts upon which the claimant relies in support of the claim, the items thereof, and the dates on which the same accrued."  Supplemental Rule F(5).  Pursuant to Supplemental Rule A(2), the Federal Rules of

---

[2]  Travelers initially filed its Answers, Affirmative Defenses, and Claims on June 25, 2020. [DE 8 and 9].  Travelers filed its Amended Claims after Petitioner filed its Motions to Dismiss on July 31, 2020 [DE 15, DE 17].

[3]  All references to the Amended Claims exclude the paragraphs of the Answers and Affirmative Defenses which precede the Amended Claims in the pleadings found at DE 58 and 59.

Civil Procedure apply to the Supplemental Rules for Admiralty or Maritime Claims "except to the extent that they are inconsistent with [the] Supplemental Rules." Supplemental Rule A(2). Courts have found that Federal Rules of Civil Procedure 8(a) and 12(b)(6) are the proper standard of review governing a challenge to the sufficiency of a claim filed under Supplemental Rule F(5). *See Matter of Horizon Dive Adventures, Inc. v. Sotis*, Case No. 17-10050-Civ-King/Simonton, 2018 WL 6978636, at *4 n.4 (S.D. Fla. Nov. 28, 2018) (collecting cases).

"The appropriate standard for deciding to dismiss a claim is whether it appears beyond doubt that the plaintiff can prove no set of facts to support his claim." *GSW, Inc. v. Long Cnty., Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993) (citation omitted). All facts set forth in the complaint are to be accepted as true. *Id.* A court draws all reasonable inferences in the petitioner's favor. *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal marks and citation omitted).

A complaint can only survive a 12(b)(6) motion to dismiss if it contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the [factual] allegations in the complaint are true." *Id.* Still, a complaint will not survive a motion to dismiss if it fails to separate into different counts each cause or claim for relief. *Weiland v. Palm Beach Cnty. Sheriff Office*, 792 F. 3d 1313, 1323–33, n.13 (11th Cir. 2015). "In considering a motion to dismiss, a court should 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Kivisto v. Miller,*

*Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (internal quotation and citation omitted).

## IV.    DISCUSSION

In its Amended Claims, Travelers asserts two causes of action:  1) negligence under three distinct theories of liability, namely, simple negligence, negligence per se, and/or gross negligence; and 2) vicarious liability.  Travelers also seeks to reserve the right to a jury trial for all issues so triable.  Petitioner moves to dismiss the Amended Claims for several reasons.  First, Petitioner argues that the Amended Claims are impermissible shotgun pleadings.  Petitioner also argues that Travelers has not effectively plead the causation element necessary to establish negligence under any theory of liability, including vicarious liability pled in the second count.  Third, Petitioner argues that Travelers fails to identify any statute supporting a negligence per se claim.  Finally, Petitioner asserts that Travelers' jury demand should be stricken because a jury trial is not available for claims in admiralty.

### A.  Count One of the Amended Claim is a shotgun pleading

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018).  One type of shotgun pleading is where a complaint fails to "separate[] into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1322-23, n.13 (11th Cir. 2015).  Shotgun pleadings violate Federal Rules of Civil Procedure 8(a)(2) and 10(b) and waste judicial resources by unnecessarily broadening the scope of discovery, because litigants would have to unearth what should be plainly set forth in the claim. *See Weiland*, 792 F.3d. at 1323 (finding "shotgun pleadings . . . fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.").  The Eleventh Circuit has "repeatedly held that a

District Court retains authority to dismiss a shotgun pleading on that basis alone." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir 2018).

In Count One for "negligence," Travelers asserts multiple theories of liability. Each theory is a separate cause of action that must be asserted independently with supporting factual allegations. *See Gayou v. Celebrity Cruises, Inc.*, No. 11-23359, 2012 U.S. Dist. LEXIS 77536, at *5-6, n.2 (S.D. Fla. June 5, 2012) (under similar facts, ordering plaintiff to amend complaint to "separately allege an independent count" for various theories of liability that were lumped into a single maritime negligence claim); *Gharfeh v. Carnival Corp.*, No. 17-20499, 2018 WL 501270, at *3, 6-7 (S.D. Fla. Jan. 22, 2018) (dismissing maritime negligence count that "improperly commingles claims" as an "impermissible shotgun pleading").  Travelers alleges that Petitioner "breached [] duties, and thus, was negligent, negligent per se, and/or grossly negligent" and then proceeds to list nine different ways Petitioner breached its duties.  Travelers also alleges that Petitioner negligently selected or retained its contractors, subcontractors, crew or agents.

However, negligence, negligence per se, gross negligence, and negligent hiring, retention or supervision are separate theories of liability, each with distinct elements to be supported by separate factual allegations.  Thus, Count One of the Amended Claims is an impermissible shotgun pleading and must be dismissed.

Travelers may file a second amended claim asserting as a separate cause of action each theory of liability on which it intends to proceed.

**B.     The Amended Claims Fail to State a Claim for Negligence Per Se, Negligent Hiring or Retention; Vicarious Liability is Sufficiently Pled**

**(1)     Travelers claim for negligence contains improper legal conclusions**

To properly plead a negligence claim, a plaintiff must allege four elements: (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached

that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). Courts have held that the elements of maritime negligence are essentially the same as those for common law negligence. *Id.*

To establish causation a plaintiff must plead both actual cause, or but-for cause, and proximate cause. *Marabella v. NCL (Bahamas), Ltd.*, 437 F. Supp. 3d 1221, 1229 (S.D. Fla. 2020) (citing *Smith v. United States*, 497 F.3d 500, 506 (5th Cir. 1974)). Furthermore, under admiralty law, causation is a material element of a negligence claim and the issue of proximate cause involves the application of law to fact, which is left to the fact finder. *Chaparro*, 693 F.3d at 1336.

At the motion to dismiss stage, it is enough if one can reasonably infer actual and proximate causation for plaintiff's injuries from defendant's alleged negligence. *Id.* This is satisfied where a sufficiently detailed factual background of the incident is alleged along with allegations of the purported foreseeable causation of plaintiff's injuries. *See Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225 (11th Cir. 2014).

Petitioner contends that the Claims should be dismissed because Travelers fails to allege facts supporting proximate cause to establish any of Travelers's negligence claims. Travelers responds that taking its allegations as true, Travelers has sufficiently alleged proximate cause and thus its claims for negligence. However, in the Eleventh Circuit, courts are required to eliminate those allegations that are merely legal conclusions. The Court finds that paragraph 23 of the Amended Claims which outline Petitioner's breaches are all legal conclusions. After elimination, Travelers cannot succeed at establishing the required elements of any of its negligence claims.

Travelers's inserts the qualifier "negligently" before each allegation outlining how Petitioner purportedly breached the duties outlined in sub-paragraphs 23(a)-(i) and 32(a-i). While

the term "negligently" is a legal conclusion, Travelers has otherwise adequately pled duty, breach, and causation for a negligence claim.  The Court will allow Travelers to remove the legal conclusions from its amended pleading if Travelers elects to replead.

### 2)     Travelers fails to establish a claim for negligence per se.

In a negligence per se claim, the duty and breach elements are met by defendant's violation of a statute that causes injury to someone falling within the class of persons protected by the statute. *Emery v. Talladega College*, 688 Fed. App'x 727, 731 (11th Cir. 2017).  In the instant case, Travelers has not established a claim for negligence per se, as Travelers has not identified a statute Petitioner purportedly violated or injury to Travelers arising from Petitioner's statutory violation. Accordingly, the Amended Claims for negligence per se should be dismissed for failure to state a claim for which relief may be granted.

### 3)     Travelers fails to state a claim for negligent hiring or retention

Travelers also fails to properly establish a claim for negligent hiring or retention.  "To state a claim for negligent hiring or retention against a shipowner, a plaintiff must plead that the agent or contractor was incompetent or unfit to perform the work, that the shipowner knew or reasonably should have known of the particular incompetence or unfitness, and that such incompetence or unfitness proximately caused his injuries." *Ceithami v. Celebrity Cruise, Inc.*, 207 F. Supp. 3d 1345, 1352 (S.D. Fla. Sept. 14, 2016).  Here, Plaintiff fails to allege that the contractors and sub-contractors were unfit to perform the renovation and repair work and that Petitioner knew or should have known of the specific incompetence.  Thus, Travelers fails to state a claim for negligent hiring or retention.

### 4)     Travelers's claim for vicarious liability is sufficiently pled

The Limitation Act was originally intended to "encourage investment in the shipping

industry by limiting the physically remote shipowner's vicarious liability for the negligence of his or her water-borne servants." *Suzuki v. of Orange Park, Inc. v. Shubert*, 86 F.3d 1060, 1064 (11th Cir. 2006). The negligence of the servant, agent, or contractor must be established for the ship owner to be liable for his/her negligence. *Ceithami*, 207 F. Supp. 3d at 1349; *see Munday v. Carnival Corp.*, No. 16-CV-24841-KMW, 2017 WL 5591640, at *4 (S.D. Fla. July 18, 2017) (finding that if plaintiff's negligence claim warranted dismissal, so would plaintiff's vicarious liability claims). Thus, vicarious liability claims are not independent causes of action; they are theories of liability for other claims. *Ceithami*, 207 F. Supp. 3d at 1349.

Travelers alleges that the renovation work included the use of chemicals and other materials which are inherently dangerous and thus Petitioner had a non-delegable duty. Because Petitioner had a non-delegable duty, it is vicariously liable for the negligence of its contractors and subcontractors. Petitioner argues that Travelers has failed to establish a claim for vicarious liability because painting or revarnishing a vessel does not fall within the category of inherently dangerous activity and Travelers inappropriately seeks to impose on Petitioner an allegedly non-delegable duty that is not recognized by law.

"An activity is inherently dangerous if the danger inheres in the performance of the work, and it is sufficient if there is a recognizable and substantial danger inherent in the work, even though a major hazard is not involved." *Amtrak v. Rountree Transp. & Rigging*, 286 F.3d 1233, 1248-49 (11th Cir. 2002) (internal quotation and citation omitted); s*ee, e.g., Calloway v. PPG Indus.*, 155 Fed. App'x 450, 454 (11th Cir. 2005) (stating that "painting the interior of a rocket from a ladder at night was not inherently dangerous and noting that inherently dangerous work involves acts *such as removal of highly caustic paint remover*, aerial spraying of pesticide, and use of dynamite.") (emphasis added) (internal citation omitted). "If the activity is found to be

inherently dangerous, then the "one engaged in or responsible for the performance of [the] work . . . is said to be under a nondelegable duty to perform, or have others perform, the work in a reasonably safe and careful manner." *Amtrak*, 286 F.3d at 1249. Taking the allegations in the Amended Claims as true, Travelers has sufficiently pled its claim for vicarious liability against Petitioner.

      **C.**    **Travelers's Reservation of Right to Jury Trial Is Stricken**

"Federal courts have exclusive admiralty jurisdiction to determine whether the vessel owner is entitled to limited liability." *Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1036 (11th Cir. 1996). When the petitioner elects to proceed in admiralty under Rule 9(h), respondent is precluded from exercising any right to trial by jury. *St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.*, 561 F.3d 1181, 1185 (11th Cir. 2009); *see In re Atkinson*, No. 3:08-cv-612-J-1478-J-34JBT, 2008 U.S. Dist. LEXIS 111206 (M.D. Fla. Aug. 29, 2008) (stating "[t]his rule remains in effect where a counterclaiming party demands a jury trial, and the counterclaim arises out of the same operative facts."); *See Great Lakes Reinsurance (UK) PLC v. Masters,* No. 8:07-cv-1662-T-24-MSS, 2008 U.S. Dist. LEXIS 16022,  at *2 (M.D. Fla. Mar. 3, 2008) (finding "when a plaintiff elects to pursue a non-jury admiralty action pursuant to Rule 9(h), a counterclaiming defendant is not entitled to a jury trial . . . if the counterclaim arises out of the same operative facts").

Petitioner chose to bring its claim in admiralty; therefore, Travelers is precluded from demanding a jury trial. Additionally, Petitioner argues that Travelers is not entitled to a trial by jury because not only did Travelers admit that the Petitioner's action was brought in admiralty, but Travelers also pled that the Amended Claims were brought in admiralty. (*See* DE 58 ¶ 2, 59 ¶ 2 ("This is a claim for negligence and vicarious liability under the General Maritime Law of the United States and the laws of the State of Florida.").)

Travelers relies on *Beiswenger*, which states that "the same statute that grants the federal courts exclusive admiralty and maritime jurisdiction saves to suitors 'all other remedies to which they are otherwise entitled.'  28 U.S.C.S. § 1333(1). This 'saving to suitors' clause of § 1333 embodies a presumption in favor of jury trials and common law remedies in the forum of the claimant's choice." *Beiswenger*, 86 F.3d at 1037.  Travelers also relies on several cases which outline how courts attempt to give effect to the Limitation Act and the saving to suitors clause, when possible.  *See Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438 (2001), *In re Freedom Unlimited*, 440 F. Supp. 3d 1332 (S.D. Fla. 2020), and *In re Franklin*, 2:15-cv-670-FtM-38CM, U.S. Dist, Lexis 186253 (M.D. Fla. May 10, 2016).  However, Travelers's reliance is unavailing because, with the exception of *In re Franklin*, in the cases relied on by Travelers, the respondents' actions in state court were already pending when the orders restraining prosecution of state law claims were entered in the limitation actions in federal court.  *In re Franklin* is distinguishable from the instant case on grounds that the petitioner agreed with respondents' motion to stay the limitation action and to lift the injunction against the pursuit of state law claims to permit them to pursue their state law personal injury claim.

Here, Travelers concedes that no state law claims are pending.  Travelers proposes that the Court order a stay of the limitation action to enable Travelers and other respondents to determine whether they can agree to the required stipulations to pursue their claims against Petitioner in state court.  Petitioner does not agree to Travelers' entitlement to jury trial.

The Court declines to grant a stay for Travelers to explore the possibility of pursuing state law claims against Petitioner at this stage of the action, which has been pending since May 2020.  Accordingly, Travelers' claims for a jury trial are hereby stricken and may not be resurrected in any subsequent amended claims.

Accordingly, it is

**ORDERED** that:

1.      Petitioner's Motions to Dismiss [DE 63, 64] are **GRANTED**.

2.      Travelers's Amended Claims [DE 59, 58] are **DISMISSED** without prejudice.

3.      Travelers's demand for trial by jury is **STRICKEN**.

4.      Travelers shall file its Second Amended Claims by **October 7, 2021**, in accordance with this Order, Federal Rules of Civil Procedure 8(a) and 10(b), and the *Iqbal/Twombly* standard.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 27th day of September 2021.

**RODNEY SMITH**
**UNITED STATES DISTRICT JUDGE**

cc:      All Counsel of Record